IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**DAMIAN LAPHAND, #W0877**                                                                 **PLAINTIFF**

**VERSUS**                                            **CIVIL ACTION NO. 3:15-cv-482-HTW-LRA**

**WARDEN NORRIS HOGANS,**
**LIEUTENANT UNKNOWN WARREN,**
**and SERGEANT UNKNOWN VEST**                                            **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal.  Plaintiff

Laphand, an inmate of the Mississippi Department of Corrections (MDOC), filed this *pro se*

Complaint pursuant to 42 U.S.C. § 1983.  Plaintiff was granted permission to proceed *in*

*forma pauperis* in this case.  The named Defendants are Norris Hogans, Warden of East

Mississippi Correctional Facility (EMCF); Lieutenant Unknown Warren, Disciplinary

Hearing Officer at EMCF; and Sergeant Unknown Vest, Disciplinary Investigator at EMCF.

The Court, having liberally construed Plaintiff's Complaint [1], in consideration with the

applicable law, finds that this case should be dismissed.

I.      **Background**

On May 21, 2015, Plaintiff was found guilty of a prison rule violation report (RVR

#01474666) for possession of major contraband.  The punishment for this disciplinary

conviction was loss of privileges for 60 days and a custody review.  Plaintiff's appeal of the

RVR and resulting punishment was denied via the prison administrative remedy program.

*See* Compl. [1] at 8 (copy of Administrative Remedy Program Response Form).

Plaintiff asserts various complaints regarding the RVR and disciplinary process,

which he claims violates MDOC policy and his constitutional right to due process. Specifically, Plaintiff argues that he was not permitted to call a witness at his disciplinary hearing and some alteration to the report occurred in regard to his request for a witness. Plaintiff further contends that the hearing officer was not an impartial fact finder, apparently because the illegal contraband he was accused of possessing (small packet of green leafy substance and a small packet of tobacco) was not physically present at his disciplinary hearing. Plaintiff complains that despite these errors, he was found guilty of the RVR and his appeal of the disciplinary action was denied by prison authorities. As relief, Plaintiff is requesting reversal of the RVR, expungement of the disciplinary proceedings from his prison record, court costs, and "any further relief deemed just and appropriate under the circumstances." Compl. [1] at 4.

## II.   Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or  "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992). Since the Court has permitted Plaintiff Laphand to proceed *in forma pauperis* in this action, his Complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915 (e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right,

privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Initially, the Court notes that discipline of inmates by prison officials is "within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner,* 515 U.S. 472, 485 (1995).  Also, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248, 1250-51 (5th Cir.1990).

Plaintiff is asserting that his constitutional right to due process was violated when he lost prison privileges for 60 days and when he was denied relief in the prison grievance process.  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  In the prison context, a constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Sandin,* 515 U.S. at 484.

Plaintiff's loss of prison privileges, such as telephone use, visitation, and commissary visits, as punishment "are in fact merely changes in the conditions of his confinement and do not implicate due process concerns." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). The Fifth Circuit has specifically addressed the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available.  *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (finding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, resulting from allegedly false disciplinary charges does not implicate due process);

3

*Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (holding inmate has no constitutional right to visitation privileges).  Since Plaintiff does not have a constitutionally protected right to certain privileges while in prison, his due process claim fails.

Likewise, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained of RVR and resulting disciplinary process, he is not entitled to relief under § 1983.  These allegations, without more, simply do not rise to a level of constitutional deprivation.  *See Guiden v. Wilson,* 244 F. App'x 980, 981 (5th Cir. 2009) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation.") (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir 1986)).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction.  *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding inmate does not have protected liberty interest in filing grievances).  Therefore, Plaintiff's claims related to how his grievance was handled within the prison administrative remedy program are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (per curiam) (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F. App'x 461, 463 (5th Cir. 2011) (per curiam) (finding prisoner "does not have a constitutional right to a grievance procedure at all" and therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

4

**III.    Conclusion**

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED AND ADJUDGED, this the 31st day of July, 2015.

_____s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE